## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DELORES PRICE**                                   **CIVIL ACTION**

**VERSUS**                                          **NO. 12-1289**

**HOMESITE INSURANCE COMPANY**                      **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Plaintiff Delores Price's ("Price") Motion to Remand.[1] After considering the motion, the memorandum in support, the opposition, the reply, the record, and the applicable law, the Court will grant the pending motion and remand this matter to state court.

## I. Background

On May 28, 2011, Price and four other plaintiffs filed a joint action against Defendant Homesite Insurance Company ("Homesite") in Civil District Court, Parish of Orleans, State of Louisiana, asserting claims under policies for homeowner's insurance.[2] Despite diversity between the plaintiffs and the defendant, that action was not removable because each plaintiff had attached to the petition an irrevocable stipulation that their claims were each less that $75,000.[3]

Homesite filed dilatory exceptions for improper cumulation of actions and for vagueness. The state court granted Homesite's exception for cumulation, and ordered that the actions be severed and randomly re-allotted.[4] Each plaintiff, including Price, was required to file a new petition. Price attempted to file a "Supplemental and Amending Petition," but the state district court clerk would

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 1-2 at p. 10.

[3] *Id.* at pp. 16-20.

[4] *Id.* at pp. 8-9.

not accept it as such. Therefore, Price filed the petition styled as merely a "Petition for Damages."[5] The new petition filed by Price specifically stated that it was filed "***solely in order that the named plaintiffs' cases may be realloted to other divisions within the Civil District Court for the Parish of Orleans for trial***."[6] Price attached the irrevocable stipulation that her claims did not exceed $75,000 to the new petition.[7]

Homesite was served with this petition on or about April 18, 2012,[8] and it removed this action to this Court on May 17, 2012, asserting this Court's diversity jurisdiction under 28 U.S.C. § 1332.[9] Price filed the pending motion to remand on June 6, 2012.[10] Homesite filed an opposition on July 10, 2012.[11] With leave of Court, Price filed a reply on July 18, 2012.[12]

## II. Parties' Arguments

In support of the pending motion, Price first argues that the notice of removal was untimely, and therefore remand is appropriate. Price contends that under 28 U.S.C. § 1446(b)(1), a defendant has thirty days from receipt of the initial pleading to remove an action. Price argues that this time

---

[5]  Rec. Doc. 12-1 at p. 2.

[6]  Rec. Doc. 1-2 at p. 1 (emphasis in original).

[7]  *Id.* at p. 16.

[8]  *Id.* at pp. 27-28.

[9]  Rec. Doc. 1.

[10]  Rec. Doc. 12.

[11]  Rec. Doc. 13.

[12]  Rec. Doc. 16.

period was triggered when Homesite was served with the first joint petition on May 28, 2011, and therefore removal was untimely.[13]

Next, Price argues that the requirements for jurisdiction under 28 U.S.C. § 1332 are not met, and therefore this Court must remand because it lacks subject matter jurisdiction. Price does not dispute diversity, but challenges that the amount in controversy has been met.[14] Specifically, Price argues that the binding stipulation that her damages are less than $75,000 prevents removal. Price cites case law that any ambiguities should be construed against removal and that doubts to federal jurisdiction should usually be resolved against a finding of jurisdiction.[15]

Price explains that under Fifth Circuit precedent, a defendant may make a showing that the amount in controversy has been met:

> (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth facts in controversy - preferably in the removal petition, but sometimes by affidavit- that support a finding of the requisite amount.[16]

Price argues that while the amount is not "facially apparent" from the petition, the attached irrevocable stipulation confirms that this matter does not meet the jurisdictional amount.[17] Price further contends that under Fifth Circuit precedent, a plaintiff may avoid removal by attaching a stipulation to the petition, as she did.[18]

---

[13]  Rec. Doc. 12-1 at p. 3.

[14]  *Id.*

[15]  *Id.* at p. 4 (citing *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000)).

[16]  *Id.* (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

[17]  *Id.* at pp. 4-5.

[18]  *Id.* at p. 5 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

In opposition, Homesite highlights that each new case filed by the original plaintiffs, including Price, was assigned a new number. Further, Homesite argues that it is significant that the district court clerk refused to accept Price's filing when ti was styled as a "Supplemental and Amending Petition," and made her re-caption it as merely a "Petition for Damages."[19] In addition, Homesite argues that the petition in this action added new claims and different theories of recovery. Therefore, Homesite argues that this is an entirely new action, and thus, the notice of removal was timely.[20] Homesite also contends that "Price did not execute a new stipulation concerning the amount in controversy."[21]

Homesite argues that it has met its burden to prove that the amount in controversy is above $75,000, based upon the nature of the claims and the unpaid policy limits.[22] Moreover, Homesite highlights that the petition in this matter alleges bad faith and seeks specific and general damages including damages for inconvenience and mental anguish or emotional stress.[23] Homesite avers that based upon these claims, Homesite has met its burden to prove the amount in controversy by a preponderance of the evidence.

In addressing the stipulation made by Price, Homesite contends that Fifth Circuit case law is clear that a "post-removal stipulation" is insufficient to deprive this Court of jurisdiction; further, Homesite argues that the original action, upon which the stipulation was originally entered, was dismissed when the state court granted Homesite's exception of improper cumulation and therefore

---

[19]  Rec. Doc. 13 at p. 3.

[20]  *Id.*

[21]  *Id.* at p. 4.

[22]  *Id.*

[23]  *Id.* at p. 6

that stipulation cannot be effective in this action and was rendered inoperative: "Because [Price] failed to file a new binding stipulation with her new lawsuit, she cannot avoid removal."[24] Homesite also avers that Price's attachment of the original petition and stipulation to the petition in this matter did not "revive the stipulation."[25] Homesite argues that the stipulation specifically stated that it applied "in this matter," referring to the original state court suit. Finally, Homesite argues that the new petition contained new claims that "were never contemplated in the stipulation," and that the petition in this matter does not reference the stipulation, so it failed to adopt it.[26] Thus, Homesite maintains that remand would be inappropriate.

In reply, Price argues that Homesite's relation of certain procedural facts to the Court "is not entirely accurate."[27] Price contends that while the state trial court granted Homesite's exception, it "merely ordered the individual plaintiffs' claims be 'severed' and randomly allotted," but did not dismiss the original action.[28] Further, Price claims that "[t]he failure to include [Price's] proposals for the court to retain the claim of the first named plaintiff [Price] and include precautionary language regarding retention of the original filing date did not convert the judgment into a 'dismissal' as Homesite states."[29] Price claims that it has become the practice of the state courts to sever and re-allot these actions in order to provide docket redistribution, and are not treated as a

---

[24] *Id.* at pp. 7-8.

[25] *Id.* at p. 8

[26] *Id.* at pp. 8-9.

[27] Rec. Doc. 16 at p. 1.

[28] *Id.*

[29] *Id.* at p. 2.

"new" filing that gives the defendant a second bite at the apple to remove.[30] Price declines to attach any significance to the district court clerk's refusal to accept Price's filing when styled as an amending petition. Price argues that there was no legal analysis of the filing on her part, but rather the clerk was simply resistant because it was a "new" filing for purposes of re-allotment.[31]

Price addresses Homesite's argument that several new claims were added to the petition in this matter, and claims that this was done in response to Homesite's previous exception for vagueness brought in the original action. Price further explains that penalties and attorney's fees are special damages that must be specifically plead, so Price simply wanted to cure that deficiency from the original petition.[32]

Again, Price emphasizes that she has previously stipulated that her recovery is below $75,000. While Price maintains that the original stipulation is still effective because it was attached to the petition in this matter, she has now attached a new "Irrevocable Stipulation"[33] to the reply that also states that her damages are below $75,000. Price argues that if the amount of general damages is not pled, and therefore the basis for jurisdiction is ambiguous at the time of removal, post-removal affidavits may be considered by the court in considering jurisdictional amount.[34] However, Price claims that she "is not filing a jurisdictional stipulation for the first time in federal court, rather there

---

[30] *Id.* at pp. 2-3.

[31] *Id.* at p. 3.

[32] *Id.* at p. 4.

[33] Rec. Doc. 16-1.

[34] Rec. Doc. 16 at pp. 5-6 (citing *Brumfield v. State Farm Fire & Cas. Co.*, 07-7495, 2008 WL 235785 (E.D. La. Jan 28, 2008) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5 th Cir. 2000)).

was an effective pre-removal irrevocable stipulation filed by [Price], and that stipulation is only being ratified by [Price].[35] Therefore, Price contends that remand is appropriate.

### III. Law and Analysis

Federal courts are courts of limited jurisdiction and may only entertain suits when jurisdiction is authorized by law.[36] Federal courts are presumed to lack subject matter jurisdiction, and therefore any doubt should be resolved in favor of remand.[37] Under 28 U.S.C. § 1332:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

The party seeking diversity jurisdiction bears the burden of proof.[38] The parties do not dispute that diversity is present, but only whether the jurisdictional amount is satisfied.  Regardless, the Court notes that parties may not consent to or waive subject matter jurisdiction.[39] However, the notice of removal makes clear that Price, a citizen of Louisiana, and Homesite, a Connecticut corporation with

---

[35] *Id.* at p. 6.

[36] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).

[37] *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir. 1992).

[38] *De Aguilar*, 47 F.3d at 1404.

[39] *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) ("[A] party may neither consent nor waive federal subject matter jurisdiction.").

its principle place of business in Massachusetts, are diverse.[40] Therefore, this first condition for subject matter jurisdiction is satisfied.

To satisfy the jurisdictional amount, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[41] The defendant may make this showing in either of two ways: "(1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth facts in controversy - preferably in the removal petition, but sometimes by affidavit- that support a finding of the requisite amount."[42] A court must evaluate the facts supporting jurisdiction at the time of removal. "[L]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints."[43] Post-removal affidavits, stipulations or amendments reducing the amount in controversy will not deprive a court of jurisdiction.[44] However, in *Gebbia v. Wal-Mart Stores, Inc.*,[45] the Fifth Circuit held that post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal.[46]

In *Gebbia*, the Fifth Circuit affirmed the district courts denial of a motion to remand. In the initial complaint filed in state court, plaintiff filed no affidavit or stipulation. After the defendant removed the action, plaintiff filed a motion to remand and accompanied the motion with an affidavit

---

[40] Rec. Doc. 1 at ¶¶ 6-7.

[41] *St. Paul Reins Co., Ltd. v. Greenebrg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[42]  *Luckett*, 171 F.3d at 298.

[43] *De Aguilar*, 47 F.3d at 1412 (internal quotation omitted).

[44] *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 293, 293 (1938).

[45]  233 F.3d at 880.

[46] *Id.* at 883.

stating that the amount in controversy was not met because he was unable to confirm the amount of damages he claimed.[47] The district court denied the motion. Later, in the pre-trial order, plaintiff stipulated that his damages were less than $75,000, and moved for the court to reconsider its previous decision not to remand the action to state court. The district court once again denied remand. On appeal, the Fifth Circuit first acknowledged that because Louisiana law prevents pleading the exact amount of damages a plaintiff wishes to recover, the defendant bears the burden to prove the amount in controversy by a preponderance of the evidence.[48] The Fifth Circuit affirmed the district court, and reasoning that "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[49] Because the nature of the claims made it "facially apparent" that the damages exceeded $75,000, the Fifth Circuit held that the district court was correct in determining that it retained jurisdiction.

Here, Price attached the original stipulation to the petition that was removed to this Court. While the stipulation may have still referred to the first petition filed, the intent of Price was clear to limit the recoverable amount to an amount not to exceed $75,000. Homesite offers no palatable reason why this Court should ignore the stipulation and how it affects removal. At best, Homesite's arguments cast slight doubt from a purely procedural prospective if the stipulation applies to this action. In essence, Homesite attempts to exalt form over substance to prevent remand. Nevertheless, "all doubts regarding whether removal jurisdiction is proper should be resolved against federal

---

[47] *Id.* at 882.

[48] *Id.*

[49] *Id.* at 883.

jurisdiction."[50] Furthermore, like the plaintiff in *Gebbia*, under Louisiana law, Price was not permitted to state a dollar amount in the petition; thus, Homesite bears the burden to prove by a preponderance of the evidence that the amount in controversy is over $75,000.

Unlike the petition in *Gebbia*, Price attached a stipulation to the petition in this matter specifically stating that she did not seek damages in excess of $75,000. This binding stipulation attached to the petition at the time of filing is alone sufficient to defeat removal.[51] Beginning with the first filed petition, it has been clear that Price does not seek damages in excess of $75,000. Regardless of the nature of Price's claims, the stipulation attached to the petition is irrefutable evidence that the amount in controversy does not exceed $75,000, and therefore Homesite cannot carry its burden to prove otherwise. Thus, this Court lacks subject matter jurisdiction and this matter must be remanded. For these reasons, it is unnecessary for the Court to address the parties' other arguments regarding the propriety and timeliness of removal.

## IV. Conclusion

Upon reviewing the record, it is clear from filings made before and after removal that the jurisdiction amount required under 28 U.S.C. § 1332 is not met. Therefore, this Court is without subject matter jurisdiction to hear this suit. Accordingly,

**IT IS HEREBY ORDERED** that Price's Motion to Remand[52] is **GRANTED**.

---

[50] *Acuna*, 200 F.3d at 339.

[51] *De Aguilar*, 47 F.3d at 1412.

[52] Rec. Doc. 12.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to Civil District Court, Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this _4th day of January, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

11